UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

---

SADAF SHIRVANI a/k/a/ KRISTY SHIRVANI, on behalf of herself and all others similarly situated,

    Plaintiff,

-against-

XEROX EDUCATION SERVICES, LLC, f/k/a ACS EDUCATION SERVICES, INC., and U.S. BANK N.A.,

    Defendants.

13 cv 7295 (LAK)

**DECLARATION OF JAMIE BROEDEL**

---

JAMIE BROEDEL declares the following to be true under the penalty of perjury:

1. I am a Senior Research and Legal Support Specialist for the Financial Services Group of defendant Xerox Education Services, LLC ("XES"), in Utica, New York. I am making this Declaration in support of both Defendants' motion to transfer this case to the U.S. District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a) and their motion, in the alternative, to dismiss Plaintiff's Class Action Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

2. I have been employed at XES's facility in Utica, New York, since January 1998 (at the time I joined, the entity which is now XES was called AFSA Data Corporation). My duties at XES include the following: records custodian; researching and responding to executive-level inquiries and inquiries of a legal nature; gathering, confirming and reviewing account balance and borrower histories, as well as the present status and validity of the loan(s); and assisting in the resolution of customer concerns.

3. XES conducts loan servicing operations from its Utica facility, employs more than 200 people, and does not have any facilities or offices in New York, Bronx, Westchester,

Rockland, Putnam, Orange, Dutchess, or Sullivan Counties, which I understand are the counties constituting the Southern District of New York.

4. I have reviewed the allegations of the Complaint in detail. Based on my own personal knowledge as well as records kept in the regular course of XES's business, I can state with confidence that the XES employees with whom Plaintiff communicated, including Nancy Young (*see* Complaint, ¶¶ 26, 29-33), were employed at XES's Utica facility during the relevant times and are employed there currently. Furthermore, Plaintiff's written communications with XES (*see, e.g.,* Complaint, ¶ 33) were with employees in the Utica facility.

5. Plaintiff's allegations suggest that she is also questioning the operation of XES's systems used in the application of borrower payments (*see, e.g.,* Complaint, ¶ 34). The systems which are involved in the servicing of Plaintiff's loan, and others, are available in the Utica facility. Given Plaintiff's allegations, that system itself is key evidence necessary to refute Plaintiff's allegations about it, but it cannot be transported to a court. Were this case to go to trial in the Northern District, however, the jury could come to XES's facility to see and experience for itself the operation and workings of XES's system.

6. Plaintiff does not allege that she communicated with co-defendant U.S. Bank, N.A. ("USB"), the originator and holder of her loan, and she and USB would have no dealings with each other in the regular course of business given the agreements between USB and XES. Those agreements require XES to service Plaintiff's loan (among many others) and to communicate with her concerning her questions, problems, concerns, *etc.,* about matters such as her payments.

7. Plaintiff alleges in Paragraph 19 of the Complaint that she is party to an agreement which includes the provision she quotes in Paragraph 19. That is untrue; she is not a party to an agreement containing the provision she quotes. What she is quoting in Paragraph 19 is a provision which appears only in the terms and conditions of Checkmate II which are applicable only to those borrowers who, since April 2012, have applied or reapplied *on XES's website* for Checkmate II. I have reviewed the records kept in the regular course of XES's business and confirm that Plaintiff Shirvani never signed up on XES's website for Checkmate II. Instead, XES's records kept in the regular course of business show that she signed up for Checkmate II via the hard copy application which she quotes, in part, in Paragraphs 15-18 of the Complaint. Her application does not contain a provision such as the one quoted in Paragraph 19.

For the foregoing reasons, the Court should transfer this case to the U.S. District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a) or, alternatively, dismiss the Complaint pursuant to Rule 12(b)(6).

Executed this 2nd day of December 2013, in Utica, New York.

_____
Jamie Broedel