UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SADAF SHIRVANI a/k/a KRISTY SHIRVANI, on
behalf of herself and all others similarly situated,

                 Plaintiff,

      -vs-

XEROX EDUCATION SERVICES, LLC, f/k/a ACS
EDUCATION SERVICES, INC. and U.S. BANK, N.A.,

               Defendants.

Case No. 13-cv-7295

---

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
# THEIR MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, DISMISS

HINSHAW & CULBERTSON LLP
*Attorneys for Defendants*
800 Third Avenue, 13th Floor
New York, New York 10022
Tel: (212) 471-6200
Fax: (212) 935-1166

**TABLE OF CONTENTS**

Table of Authorities ....................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

    Facts Supporting Transfer ......................................................................................... 1

    Facts Supporting, Alternatively, Dismissal .............................................................. 3

    THE MOTION TO TRANSFER ................................................................................ 4

            PLAINTIFF AND HER CLAIMS HAVE NO CONNECTION TO THIS
            DISTRICT, THE FACTS SUGGEST FORUM SHOPPING, AND
            BASED ON THE INDISTINGUISHABLE DECISION IN *REYNOLDS,*
            THE COURT SHOULD TRANSFER THE ACTION TO THE
            NORTHERN DISTRICT OF NEW YORK FOR THE CONVENIENCE
            OF THE PARTIES AND WITNESSES, IN THE INTERESTS OF
            JUSTICE ............................................................................................................ 4

    MOTION TO DISMISS (IN THE ALTERNATIVE) ................................................. 6

    POINT I ..................................................................................................................... 6

THE RELEVANT STANDARD, POST-*TWOMBLY/IQBAL*................................... 6

    POINT II.................................................................................................................... 8

            THE FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT
            SHOULD BE DISMISSED BECAUSE, *INTER ALIA*, PLAINTIFF
            RELIES ON A CONTRACTUAL TERM WHICH IS NOT IN ANY
            CONTRACT TO WHICH SHE IS A PARTY ...................................................... 8

    POINT III................................................................................................................... 9

            THE SECOND CLAIM FOR RELIEF UNDER N.Y. G.B.L.349
            SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM
            UNDER THAT STATUTE ................................................................................. 9

    POINT IV................................................................................................................... 11

            THE THIRD CLAIM FOR RELIEF, UNDER THE WCPA, SHOULD BE
            DISMISSED FOR FAILURE TO STATE A CLAIM UNDER THAT
            STATUTE........................................................................................................... 11

CONCLUSION............................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. WestPoint-Pepperell, Inc.,*
    945 F.2d 40 (2d Cir. 1991).................................................................................................8

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937 (2009)....................................................................7, 8, 11, 12

*Aztec Energy Partners, Inc. v. Sensor Switch, Inc.,*
    531 F. Supp. 2d 226 (D. Conn. 2007).................................................................................11

*Bartlett v. Nationwide Fire Mutual Ins. Co.,*
    2013 WL 623497 (W.D.N.Y. Feb. 19, 2013) ..................................................................9, 10

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955 (2007)....................................................................7, 8, 11, 12

*Bisson v. Bank of America, N.A.,*
    919 F. Supp. 2d 1130 (W.D. Wash. 2013)...........................................................................12

*Bono v. Monarch Life Ins. Co.,*
    2006 WL 839412 (W.D.N.Y. March 27, 2006)......................................................................9

*Breitman v. Xerox Education Services, LLC, NextStudent, Inc., and U.S. Bank, N.A.,*
    2013 WL 5420532 (S.D.N.Y. Sept. 27, 2013)..............................................................3, 5, 10

*Cohen v. U.S. Fidelity and Gaur. Co.,*
    2005 WL 1036097 (S.D.N.Y. May 4, 2005) ........................................................................10

*Continental Grain Co. v. Barge F.B.L.-585,*
    364 U.S. 19, 26, 80 S.Ct. 1470, 1474-75 (1960) ...................................................................4

*Dollar Phone Corp. v. St. Paul Fire and Marine Ins. Co.,*
    2012 WL 1077448 (E.D.N.Y. March 9, 2012) ......................................................................9

*Ferdinand-Davenport v. Children's Guild,*
    742 F.Supp.2d 772 (D.Md. 2010) .......................................................................................11

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3rd Cir. 2009) ..............................................................................................11

*Francis v. Giacomelli,*
    588 F.3d 186 (4th Cir. 2009) ..............................................................................................11

*Galiano v. Fidelity Nat., Title Ins. Co.*,
  684 F.3d 309 (2d. Cir. 2012)..................................................................................7

*Gomez-Jimenez v. New York Law School*,
  956 N.Y.S.2d 54 (1st Dep't 2012) ..........................................................................9

*Grand General Store, Inc. v. Royal Indem. Co.*,
  1994 WL 163973 (S.D.N.Y. April 22, 1994) ...........................................................9

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
  719 P.2d 531 (Wash. 1986)...............................................................................11, 12

*Harary v. Allstate Ins. Co.*,
  983 F. Supp. 95 (E.D.N.Y. 1997) ...........................................................................11

*Heberling v. JPMorgan Chase Bank*,
  172 Wash. App. 1033, 2012 WL 6690129 (Wash. App. Div. 1 2012), *review denied*, 177
  Wash. 2d. 1020, 304 P.3d 115 (Wash. 2013) ........................................................12

*Iron Workers Locals 40, 361 & 417 Health Fund v. Dinnigan*,
  2012 WL 5877426 (S.D.N.Y. Nov. 21, 2012)...........................................................7

*Lava Trading Inc. v. Hartford Fire Ins. Co.*,
  326 F. Supp. 2d 434 (S.D.N.Y. 2004)......................................................................10

*MaGee v. Paul Revere Life Ins. Co.*,
  954 F. Supp. 582 (E.D.N.Y. 1997) .........................................................................10

*Marvin Inc. v. Albstein*,
  386 F.Supp.2d 247 (S.D.N.Y. 2005).........................................................................8

*McCarthy v. United States*,
  850 F.2d 558 (9th Cir. 1988) .................................................................................12

*Norwood v. Kirkpatrick*,
  349 U.S. 29, 75 S.Ct. 544 (1955).............................................................................4

*OneBeacon Ins. Co. v. Freundschuh*,
  2010 WL 3091446 (W.D.N.Y. May 21, 2010) .......................................................10

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*,
  85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ...............................................................10

*Pelman ex rel. Pelman v. McDonald's Corp.*,
  396 F.3d 508 (2d Cir. 2005)...................................................................................11

*Perfect Dental, PLLC v. Allstate Ins. Co.*,
  2006 WL 2552171 (E.D.N.Y. Aug. 31, 2006).........................................................10

iii

*Raja v. Englewood Community Hosp., Inc.,*
    2013 WL 4016518 (M.D. Fla. 2013) ...................................................................................11

*Reynolds v. Xerox Education Services, LLC, et al.,*
    2013 WL 5303797 (S.D.N.Y. Sept. 20, 2013)............................................................. *passim*

*Rothman v. Gregor,*
    220 F.3d 81 (2d Cir. 2000)...........................................................................................8

*Schwab v. Smalls,*
    435 Fed. App'x 37 (2d Cir. 2011) .............................................................................11

*Sichel v. UNUM Provident Corp.,*
    230 F.Supp.2d 325 (S.D.N.Y. 2002)...........................................................................9

*Swierkiewicz v. Sorema N.A.,*
    534 U.S. 506, 122 S.Ct. 992 (2002)..........................................................................11

*Tinlee Enterprises, Inc. v. Aetna Cas. & Sur. Co.,*
    834 F. Supp. 605 (E.D.N.Y. 1993) ..............................................................................9

*USAlliance Federal Credit Union v. CUMIS Ins. Soc. Inc.,*
    346 F. Supp. 2d 468 (S.D.N.Y. 2004).........................................................................10

*USB Securities, LLC v. Wireless Retail, Inc.,*
    2006 WL 5110801 (N.Y. Sup. Ct. Feb. 16, 2006).........................................................8

*Van Dusen v. Barrack,*
    376 U.S. 612, 84 S.Ct. 805 (1964).............................................................................4

*Williamson v. Stryker Corp.,*
    2013 WL 3833081 (S.D.N.Y. 2013).............................................................................11

**Statutes**

28 U.S.C. § 1391 ...............................................................................................................4

28 U.S.C. § 1404(a) .....................................................................................................1, 2, 4

N.Y. GEN. BUS. LAW. § 349 (McKinney 2013) ................................................................ *passim*

WASH. REV. CODE ANN. §19.86.090 ("Washington's Consumer
Protection Act" or WCPA").......................................................................................... *passim*

**Other Authorities**

Rule 12(b)(6), Fed. R. Civ. ...........................................................................................1, 7

## PRELIMINARY STATEMENT

Defendants Xerox Education Services, LLC ("XES"), and U.S. Bank, N.A. ("USB") (together, "Defendants"), respectfully submit this memorandum of law in support of their motion to transfer this case to the U.S. District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a) and this Court's factually indistinguishable decision in *Reynolds v. Xerox Education Services, LLC, et al.,* 2013 WL 5303797 (S.D.N.Y. Sept. 20, 2013). Defendants respectfully submit this memorandum of law also in support of their motion, in the alternative, to dismiss the Class Action Complaint ("Complaint") pursuant to Rule 12(b)(6), Fed. R. Civ. Pr.

### Facts Supporting Transfer

Plaintiff is a resident of the State of Washington with no alleged or apparent connection to this District other than the happenstance that her attorneys have their office here.

By way of background, as alleged in the Complaint, Plaintiff has a consolidated educational loan, under the Federal Family Education Loan Program, pursuant to a promissory note between her and USB. As alleged in the Complaint, XES services Plaintiff's loan, and others, and Plaintiff's claims are focused solely on XES's servicing of her loan. Specifically, she alleges that, despite her instructions, certain prepayments she made were "misapplied" and "skipped" and that XES's Checkmate II auto-debit (ACH) service is designed to keep borrowers in an almost perpetual state of debt. Her claims sound in alleged breach of contract (her First Claim for Relief), alleged violations of Sec. 349 of the New York General Business Law ("Section 349") (her Second Claim for Relief), and alleged violations of the State of Washington's Consumer Protection Act ("WCPA") (her Third Claim for Relief).

As to USB, Plaintiff alleges that it is a national banking institution with its principal place of business in Ohio. While she alleges also that USB has an office for the transaction of business in New York City, she does not allege that she has had any dealings with USB, in New York or

1

elsewhere. Nor does she allege that USB's New York's office had anything to do with her loan or its servicing. Indeed, as explained in the accompanying Declaration of Jamie Broedel ("Broedel Decl.") of XES, once her promissory note was executed, Plaintiff would have no dealings with USB in the regular course of business.

As noted, Plaintiff's claims are focused on XES's loan servicing. As explained in the Broedel Decl., XES does not maintain any office or facility in this District; the XES employees with whom Plaintiff communicated, including Nancy Young (Complaint, ¶¶ 26, 29-33), were employed at XES's Utica facility during the relevant times and are employed there currently; and Plaintiff's written communications with XES (*see, e.g.,* Complaint, ¶ 33) were with employees in the Utica facility. As to Plaintiff's allegations about XES's systems used in the application of her payments (*see, e.g.,* Complaint, ¶ 34), the Broedel Decl. states that the systems involved in the servicing of Plaintiff's loan are available in the Utica facility; and given Plaintiff's allegations, that system itself is key evidence necessary to refute Plaintiff's allegations about it. The system cannot, however, be transported to a court, and so its proximity to the jury will be key. In short, the witnesses and evidence relevant to Plaintiff's claims are in Utica, in the Northern District.

For the foregoing reasons, and those set forth below, transfer to the U.S. District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404(a) is the appropriate course

of action.  Indeed, in September 2013, this Court granted a motion to transfer there based on indistinguishable facts (see *Reynolds*).[1]

### Facts Supporting, Alternatively, Dismissal

All three of Plaintiff's claims for relief are premised on a contractual provision which does not appear in any contract to which she is a party.  The provision in question is quoted in Paragraph 19 of the Complaint.  It is not applicable to all Checkmate II users, however; and, to the point, it is not applicable to Plaintiff Shirvani.  That provision applies only to those borrowers who, since April 2012, have signed up on XES's website for XES's Checkmate II.  While a number of borrowers have done so (including Plaintiff Breitman in the aforementioned *Breitman* Action), Plaintiff Shirvani is <u>not</u> one of them.  XES's records kept in the regular course of business show that Plaintiff Shirvani only signed up for Checkmate II via a hand-written, hard copy application which she quotes, in part, in Paragraphs 15-18 of the Complaint.[2]  That Plaintiff Shirvani relies on that provision, which does not apply to her, as the basis for her claims is apparent from, *e.g.,* Paragraphs 20, 26-28 of the Complaint, Paragraph 46 (in the First Claim for Relief), Paragraph 52 (in the Second Claim for Relief), and Paragraph 60 (in the Third Claim for Relief).  Accordingly, all three claims should be dismissed.

---

[1]Plaintiff Shirvani asserted that the instant action was "related" to *Breitman v. Xerox Education Services, LLC, NextStudent, Inc., and U.S. Bank, N.A.,* 2013 WL 5420532 (S.D.N.Y. Sept. 27, 2013) ("the *Breitman* Action"), which is another action in which her attorneys represent the plaintiff.  Judge Crotty rejected that assertion.  Likewise, Plaintiff Reynolds, who is also represented by the same attorneys, asserted that his action was "related" to the *Breitman* Action, but Judge Crotty rejected that assertion, too.  Plaintiff Reynolds's case was assigned to Judge Baer, who, as noted, transferred it to the Northern District.  Unlike Plaintiff Shirvani and Plaintiff Reynolds, Plaintiff Breitman of the *Breitman* Action resides in this District.

[2]As to how Plaintiff Shirvani came to allege incorrectly that she is a party to an agreement to which she is not actually a party, Defendants suspect that it has something to do with the fact that Plaintiff Shirvani is represented by the same attorneys who represent the plaintiff in the *Breitman* Action.

Additionally, the Second and Third Claims for Relief should be dismissed because Plaintiff's allegations fail to meet the pleading requirements of causes of action under Section 349 and the WCPA.

## THE MOTION TO TRANSFER

**PLAINTIFF AND HER CLAIMS HAVE NO CONNECTION TO THIS DISTRICT, THE FACTS SUGGEST FORUM SHOPPING, AND BASED ON THE INDISTINGUISHABLE DECISION IN *REYNOLDS,* THE COURT SHOULD TRANSFER THE ACTION TO THE NORTHERN DISTRICT OF NEW YORK FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES, IN THE INTERESTS OF JUSTICE**

Even assuming, *arguendo*, that venue is appropriate in this District under 28 U.S.C. § 1391, Defendants respectfully submit that the Court should transfer this action to the Northern District of New York pursuant to 28 U.S.C. § 1404(a). As noted, based on indistinguishable facts, this Court transferred another action to that District in September. *See Reynolds*. *See also Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 809 (1964) ("the purpose of [28 U.S.C. § 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense....'") (citing *Continental Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474-75 (1960)); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 546 (1955) ("Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience[,]" than is required in a motion based on *forum non conveniens*).

In *Reynolds*, Plaintiff Jeffrey Reynolds, a resident of Virginia with no connection to this District, initiated a class action lawsuit against XES and his lender in this Court. As noted, his lawyers were the same lawyers now representing Plaintiff Shirvani. XES, as here, was the servicer of Plaintiff Reynolds's consolidated student loan. Reynolds, like Plaintiff Shirvani,

4

alleged that XES and his lender misapplied his payments. Just as Plaintiff Shirvani did in the instant action, Reynolds attempted to persuade Judge Crotty that his claims were "related" to Plaintiff Breitman's in the *Breitman* Action, but Judge Crotty disagreed and Reynolds's case was assigned to Judge Baer. XES and the lender moved to transfer Reynolds's case to the Northern District. Through a declaration of the same XES employee, Jamie Broedel, who has submitted a declaration in support of Defendants' motion in the instant action, XES demonstrated that the witnesses and evidence relevant to Reynolds's claims were in Utica. Accordingly, Judge Baer granted the motion to transfer.

As to the facts before the Court in *Reynolds*, Plaintiff Reynolds resided in Virginia and had no connection with this District. Neither XES nor his lender was actually headquartered in the State of New York. XES showed that it maintained no offices or facilities in any of the counties of this District. Reynolds's lender merely maintained bank branches in New York City, and Reynolds had no contact with his lender in the normal course of business. XES established that it services loans, including Plaintiff Reynolds's, in Utica, New York and that the persons at XES who were responsible for addressing the substance of Reynolds's dispute and with whom he communicated were located in Utica, New York. XES showed also that the computer systems which are involved in the servicing of Reynolds's loans are available in Utica. Reynolds, for his part, could point to no act, omission, communication or the like between him and any person located in this District concerning the subject matter of his claims.

In this action, Plaintiff Shirvani resides in Washington and does not allege any connection with this District. She has a consolidated educational loan pursuant to a promissory note between her and USB. She alleges that USB is a national banking institution with its principal place of business in Ohio. While she alleges also that USB has an office for the

5

transaction of business in New York City, she does not allege that she has had any dealings with USB, in New York or elsewhere. Nor does she allege that USB's New York's office had anything to do with her loan or its servicing. Indeed, Plaintiff has no dealings with USB in the regular course of business, given the agreements between USB and XES requiring the latter to service Plaintiff's loan (among many others) and to communicate with her concerning her questions, problems, concerns, *etc.*

As in *Reynolds,* Plaintiff's claims are focused solely on XES's servicing of her loan. She alleges that XES has serviced her loan pursuant to a contract with USB, and she claims that certain prepayments she made were "misapplied" and "skipped" and that XES's Checkmate II service is somehow designed to keep borrowers in a state of debt. The XES employees with whom Plaintiff communicated, including Nancy Young, were employed at XES's Utica facility during the relevant times and are employed there currently. Furthermore, Plaintiff's written communications with XES were with employees in the Utica facility. Additionally, XES's systems used in the application of her payments are available in the Utica facility. Given Plaintiff's allegations, that system itself is key evidence necessary to refute Plaintiff's allegations about it, but it cannot be transported to a court.

Based on the foregoing, the situation in *Reynolds* is indistinguishable. Accordingly, Defendants respectfully submit that the Court should transfer this case to the Northern District "[f]or the convenience of parties and witnesses, in the interest of justice[.]"

## MOTION TO DISMISS (IN THE ALTERNATIVE)

### POINT I

### THE RELEVANT STANDARD, POST-*TWOMBLY/IQBAL*

Several years ago, the U.S. Supreme Court raised the pleading requirements of the Federal Rules of Civil Procedure, setting forth a two-step inquiry to determine whether claims

survive scrutiny in the context of a Rule 12(b)(6) motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). First, the Court must reject bald allegations that are conclusory as such allegations are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681, 129 S.Ct. at 1951. Second, a district court must examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*

In terms of the application of the two-part inquiry, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must, first of all, plead enough facts "to 'state a claim to relief that is plausible on its face[.]'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949, quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1955. Indeed, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level"; that is, they must state a claim which is truly "plausible on its face," not merely possible or conceivable. *Twombly*, 550 U.S. at 547, 570, 127 S.Ct. at 1974; *accord Iqbal*, 556 U.S. at 678-80, 129 S.Ct. at 1949-1951. *See also Iron Workers Locals 40, 361 & 417 Health Fund v. Dinnigan*, 2012 WL 5877426, at * 4 (S.D.N.Y. Nov. 21, 2012). ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face ... The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully" (quoting *Galiano v. Fidelity Nat., Title Ins. Co.*, 684 F.3d 309, 313 (2d. Cir. 2012) (internal quotation marks omitted)). Furthermore, a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. So too, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* And "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964.

After *Twombly* and *Iqbal*, "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process" because, *inter alia*, "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings." *Twombly*, 550 U.S. at 559, 127 S.Ct. at 1967.

## POINT II

### THE FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT SHOULD BE DISMISSED BECAUSE, *INTER ALIA*, PLAINTIFF RELIES ON A CONTRACTUAL TERM WHICH IS NOT IN ANY CONTRACT TO WHICH SHE IS A PARTY

As explained in the accompanying Broedel Decl., XES's records kept in the regular course of business show that Plaintiff signed up for Checkmate II only via a hand-written, hard copy application which she quotes, in part, in Paragraphs 15-17 of the Complaint.  She did not sign up for Checkmate II on the XES website and so she is not a party to any contract which contains the contractual provision she quotes in Paragraph 19 of the Complaint.  That provision is the basis for her claim for alleged breach of contract (as well as for her other two claims).  *See* Paragraphs 19, 20, 26-28, and 46 of the Complaint.[3]

Of course, it is fundamental that, for a plaintiff to claim a breach of a contractual provision, that provision must be in contract to which the plaintiff is actually a party.  E.g, *USB*

---

[3]It is appropriate to support the motion to dismiss with this declaration. "For purposes of a motion to dismiss, a complaint is deemed to include '… any statements or documents incorporated in it by reference … and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the lawsuit'". *Marvin Inc. v. Albstein*, 386 F.Supp.2d 247, 250 (S.D.N.Y. 2005) (*quoting Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000) (internal quotation marks omitted)); *accord Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (a court's consideration of facts extends to "documents … incorporated in the complaint by reference"). Accordingly, a court can and should consider evidence outside the pleading that a contractual provision on which a plaintiff actually relies in that pleading is not a provision in any contract to which that plaintiff is a party.

8

*Securities, LLC v. Wireless Retail, Inc.*, 2006 WL 5110801 (N.Y. Sup. Ct. Feb. 16, 2006) ("[i]n order to sustain a claim for breach of contract, the pleading must clearly specify the existence of a contract . . ."). Accordingly, Plaintiff's First Claim for Relief, sounding in breach of contract, fails to state a claim and should be dismissed.

## POINT III

### THE SECOND CLAIM FOR RELIEF UNDER N.Y. G.B.L. 349 SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER THAT STATUTE

The entire Complaint is alleged "upon information and belief." For this reason alone, Plaintiff's Section 349 claim should be dismissed. *See Tinlee Enterprises, Inc. v. Aetna Cas. & Sur. Co.,* 834 F. Supp. 605, 608-10 (E.D.N.Y. 1993); *Grand General Store, Inc. v. Royal Indem. Co.*, 1994 WL 163973 at *3 (S.D.N.Y. April 22, 1994); *Bono v. Monarch Life Ins. Co.,* 2006 WL 839412, at *2-3 (W.D.N.Y. March 27, 2006); *Bartlett v. Nationwide Fire Mutual Ins. Co.,* 2013 WL 623497, at *4 (W.D.N.Y. Feb. 19, 2013).

Furthermore, Plaintiff premises her Section 349 claim on the same inapplicable contractual provision on which she bases her claim for breach of contract (see Complaint ¶¶ 19-20, 26-28, 52). In other words, as there was no representation made to Plaintiff, her Section 349 Claim must be dismissed because, absent any deceptive misrepresentation made to a plaintiff herself, a "[Section] 349 claim does not even make it out of the starting gate." *Dollar Phone Corp. v. St. Paul Fire and Marine Ins. Co.*, 2012 WL 1077448 at *16 (E.D.N.Y. March 9, 2012) (citing *Sichel v. UNUM Provident Corp.*, 230 F.Supp.2d 325, 331 (S.D.N.Y. 2002)).

Additionally, "[p]rivate contract disputes unique to the parties [do] not fall within the ambit of [Section 349]." *Gomez-Jimenez v. New York Law School*, 956 N.Y.S.2d 54, 58 (1st Dep't 2012). As set forth in the Complaint, the four allegedly "misapplied" or "skipped" payments listed in Paragraph 26 are each linked to specific instructions by Plaintiff to

9

representatives of XES (see Paragraphs 27-35 of the Complaint). Thus, her claims regarding "misapplied" or "skipped" payments represent essentially a private dispute and do not involve conduct which affects the consuming public generally. As such, they cannot be the basis of a Section 349 claim. In fact, this is precisely what this Court ruled in *Breitman*, 2013 WL 5420532 at *6, n.4 (S.D.N.Y. Sept. 27, 2013) (holding that plaintiff's email communications with XES do not give rise to claim under GBL 349 because they are "a private dispute between the parties"); *see also Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 26-27, 623 N.Y.S.2d 529 (1995) (the conduct in question must be objectively, not subjectively, deceptive in order to state a claim under Section 349).

What remains of Plaintiff's allegations involving Section 349 consist of unspecific allegations which amount to no more than labels and catch-phrases concerning deceptive practices, as well as a formulaic recitation of the elements of a Section 349 claim (see Complaint, ¶¶ 2-4, 36-37, 50-51 and 53). As such, those allegations cannot support such a claim. *See Bartlett, supra,* 2013 WL 623497, at *4 (the elements must be pled "with some specificity"); *OneBeacon Ins. Co. v. Freundschuh*, 2010 WL 3091446, at *5-7 (W.D.N.Y. May 21, 2010) ("conclusory statements or 'general allegations consisting of catch phrases' ... fail to pass muster"); *Perfect Dental, PLLC v. Allstate Ins. Co.,* 2006 WL 2552171, at *2-3 (E.D.N.Y. Aug. 31, 2006) ("plaintiffs merely make general allegations consisting of catch phrases"); *Cohen v. U.S. Fidelity and Gaur. Co.*, 2005 WL 1036097, at *2-3 (S.D.N.Y. May 4, 2005) (conclusory allegations of deceit insufficient); *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 438 (S.D.N.Y. 2004) ("some specificity" required); *USAlliance Federal Credit Union v. CUMIS Ins. Soc. Inc.*, 346 F. Supp. 2d 468, 472 (S.D.N.Y. 2004) (conclusory allegations are insufficient); *MaGee v. Paul Revere Life Ins. Co.*, 954 F. Supp. 582, 586-87 (E.D.N.Y. 1997)

10

(even allegations that specify that "defendant breached its obligation to pay [plaintiff] insurance benefits and that on two occasions agent of [defendant] contacted his treating health care professionals in an effort 'to interfere with the physician-patient relationship' [are] insufficient"); *Harary v. Allstate Ins. Co.*, 983 F. Supp. 95, 97-99 (E.D.N.Y. 1997); *Northwestern Mut. Life Ins. Co. v. Wender*, 940. F. Supp. 62, 64-65 (S.D.N.Y. 1996) ("specific allegations" are necessary). *See also, Green Apple Cleaners LLC v. NY EZ-PASS, et al.,* Decision/Order, Hon. Cynthia S. Kern, J.S.C., (N.Y. Sup. Ct.  November 6, 2013) (dismissing Section 349 claim because the allegations were not "specific" enough) (a copy of the decision is attached).[4]

For the foregoing reasons, the Second Claim for Relief should be dismissed.

## POINT IV

### THE THIRD CLAIM FOR RELIEF, UNDER THE WCPA, SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER THAT STATUTE

Plaintiff's cause of action under the WCPA fails as a matter of law as Plaintiff has not met the pleading standard established in the seminal case of *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (Wash. 1986). *Hangman Ridge* held that, to state a claim under the WCPA, a plaintiff must demonstrate that "(1) the defendant engaged in an unfair

---

[4]Although the Second Circuit, in *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005), held that notice pleading of a Section 349 claim is sufficient, that opinion predates *Twombly* and *Iqbal* and, moreover, followed *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513, 122 S.Ct. 992, 998 (2002), a decision which, it has come to be recognized, is of questionable validity in view of *Twombly* and *Iqbal. See Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3rd Cir. 2009) (discussing "the demise of *Swierkiewicz*"); *Francis v. Giacomelli,* 588 F.3d 186, 192 n.1 (4th Cir. 2009) (noting that the pleading standard in *Swierkiewicz* "was explicitly overruled in *Twombly*"); *Schwab v. Smalls,* 435 Fed. App'x 37, 40 (2d Cir. 2011) (noting that "questions have been raised … as to *Swierkiewicz*'s continued validity in light of *Twombly* and *Iqbal*"); *Aztec Energy Partners, Inc. v. Sensor Switch, Inc.,* 531 F. Supp. 2d 226, 228 (D. Conn. 2007) (after *Twombly* and *Iqbal, Swierkiewicz* "is no long the appropriate standard"); *Ferdinand-Davenport v. Children's Guild,* 742 F.Supp.2d 772, 780 n. 5 (D.Md. 2010) ("the general 12(b)(6) standard used in *Swierkiewicz* was overruled by *Twombly*"); *Raja v. Englewood Community Hosp., Inc.,* 2013 WL 4016518, at *2 n.3 (M.D. Fla. 2013) (*Swierkiewicz* "overruled by *Twombly* and *Iqbal*). Accordingly, Defendants respectfully submit that *Pelman,* and any cases which have relied upon it with respect to the pleading of Section 349 claims (*e.g., Williamson v. Stryker Corp.,* 2013 WL 3833081, at *13 (S.D.N.Y. 2013)), no longer provide the pleading standard.

11

or deceptive act or practice; (2) the act or practice occurred in the conduct of trade or commerce; (3) the act or practice impacted the public interest; (4) the plaintiff suffered injury in its business or property; and (5) a causal link exists between the unfair or deceptive act or practice and the injury suffered." *Heberling v. JPMorgan Chase Bank*, 172 Wash. App. 1033, 2012 WL 6690129 at *3 (Wash. App. Div. 1 2012), *review denied*, 177 Wash. 2d. 1020, 304 P.3d 115 (Wash. 2013) (*citing Hangman Ridge*, 719 P.2d 531).

Yet again, Plaintiff premises a claim on the contractual provision which is inapplicable to her (see Complaint ¶ 60). Thus, as she does not have standing to assert her claim, her complaint should be dismissed. See *Bisson v. Bank of America, N.A.*, 919 F. Supp. 2d 1130, 1135 (W.D. Wash. 2013) (a plaintiff must have standing to assert a WCPA claim) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992) and *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988)).

Furthermore, Plaintiff bases her claims regarding her pre-payments on individual communiction between herself and XES. See Complaint, ¶¶ 29-33. Similar to Section 349, courts have found that representations made to an individual which were not made to any other person cannot support a claim under the WCPA. See *Heberling, supra*, 2012 WL 6690129 at *4-5. "Ordinarily, a breach of private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." *Hangman,* 719 P.2d 538. There can be no WCPA claim where there is no allegation that the representation which forms the basis of the complaint "was a 'consumer transaction' rather than a private dispute between himself and [the bank] or that there is a 'likelihood that additional plaintiffs have been or will be injured in exactly the same fashion.'" *Heberling*, 2012 WL 6690129 at *5.

Finally, the Third Claim for Relief fails under the standards of *Twombly* and *Iqbal* because, just as she did with respect to her GBL 349 claim, Plaintiff otherwise relies on unspecific allegations which amount to no more than labels and catch-phrases concerning deceptive practices and a formulaic recitation of the elements of a WCPA claim.

For the foregoing reasons, the Third Claim for Relief, too, should be dismissed.

## CONCLUSION

The Court should transfer the case to the Northern District or, alternatively, dismiss the Complaint.

Dated: New York, New York
December 2, 2013

<div style="margin-left:45%">

HINSHAW & CULBERTSON LLP
*Attorneys for Defendants*

By: _____
       Edward K. Lenci (EL 3207)
       Concepcion Montoya (CM 7147)
       Theresa Concepcion (TC 0284)

800 Third Avenue, 13th Floor
New York, New York 10022
Tel: (212) 471-6200
Fax: (212) 935-1166

</div>

13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: Part 55
------------------------------------------------------------------x

GREEN APPLE CLEANERS, LLC,

                                Plaintiff,

           -against-

EZ PASS NEW YORK, EZ PASS NEW JERSEY,
THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY and AFFILIATED COMPUTER
SERVICES, INC.,

                             Defendants.
------------------------------------------------------------------x

Index No. 651343/12

**DECISION/ORDER**

**HON. CYNTHIA S. KERN, J.S.C.**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion
for :_____

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed.................................... | 1 |
| Affirmation in Opposition................................................. | 2 |
| Replying Affidavits........................................................ | 3 |
| Exhibits.................................................................. | 4 |

       Plaintiff Green Apple Cleaners, LLC ("Green Apple") commenced the instant action

against defendants EZ Pass New York ("EZ Pass NY"), EZ Pass New Jersey ("EZ Pass NJ"), the

Port Authority of New York and New Jersey (the "Port Authority") and Affiliated Computer

Services, Inc. ("Affiliated") to recover damages for allegedly wrongfully attempting to recover

unpaid tolls and administrative fees arising from plaintiff's use of electronic E-ZPass toll lanes

on Port Authority bridges and tunnels.  Affiliated now moves pursuant to CPLR § 3211 to

dismiss the complaint on the ground that it fails to state a cause of action.  For the reasons set

forth below, Affiliated's motion is granted.

The relevant facts are as follows. Plaintiff is a large cleaning service which operates a fleet of pick-up-and-delivery trucks who use the Port Authority's E-Z Pass system. Affiliated, or more specifically, its subsidiary Local Solutions, Inc., was and is an independent contractor of the Port Authority which, inter alia, processes E-Z Pass in New York State pursuant to a contract with the Port Authority.

On or about April 24, 2012, plaintiff commenced the instant action with the filing of a Summons and Verified Complaint alleging that defendants are wrongfully attempting to recover unpaid tolls and administrative fees arising from plaintiff's use of electronic E-Z Pass toll lanes on Port Authority bridges and tunnels. Specifically, plaintiff has asserted eight causes of action against defendants sounding in: (1) bad faith; (2) fraud; (3) misrepresentation; (4) breach of good faith and fair dealing; (5) negligence and/or recklessness; (6) breach of contract; (7) unfair practices; and (8) defamation. Only the first seven causes of action are asserted against Affiliated directly. Affiliated now moves to dismiss the complaint in its entirety on the ground that it fails to state any cause of action.

On a motion addressed to the sufficiency of the complaint, the facts pleaded are assumed to be true and accorded every favorable inference. *Morone v. Morone*, 50 N.Y.2d 481 (1980). However, "allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration." *Tal v. Malekan*, 305 A.D.2d 281 (1st Dept 2003). Moreover, "[t]he statements contained in a pleading must be sufficiently particular to give the court and parties notice of the transactions or occurrences to be proved and must support the material elements fo the cause of action." *Matter of Reden v. Nassau County Civ. Serv. Commn.*, 133 A.D.2d 694 (2nd Dept 1987).

2

In the instant action, Affiliated's motion for an Order pursuant to CPLR § 3211(a)(7) dismissing plaintiff's complaint is granted.  As an initial matter, the portion of Affiliated's motion seeking to dismiss plaintiff's breach of contract claim is granted.  A complaint adequately states a cause of action for breach of contract when it alleges: (1) the existence of a contract; (2) the plaintiff's performance under the contract; (3) the defendant's breach of the contract; and (4) damages as a result of the breach.  *See JP Morgan Chase v. J.H. Electric of NY, Inc.*, 69 A.D.3d 802 (2d Dept 2010).  Here, plaintiff alleges that "Defendants breached the E-Z Pass Terms of Service, when they misrepresented a debt owed, and then misrepresented to the Plaintiff on multiple occasions that the account was in good standing, inducing Plaintiff into taking no further action (such as for example, paying the debt off in a timely manner) and lulling Plaintiff into a false sense of security, resulting in significant damages and prejudice to Plaintiff." Additionally, plaintiff alleges that defendants "further violated the Terms of Service by failing to provide monthly accountings of the outstanding debt."  These allegations are insufficient to state a claim for breach of contract against Affiliated as it is undisputed that Affiliated is not a named party to the E-Z Pass Terms of Service.  To the extent that plaintiff argues in its opposition papers that Affiliate is an agent of E-Z Pass, and as such is bound by the terms of the contract entered into it by its principal, such contention is without merit as plaintiff fails to allege in its complaint any facts demonstrating that the Terms of Service applied to any agent of E-Z Pass and, in any event, such contention is refuted by the documentary evidence annexed to Affiliated's reply papers.  The contract between Affiliated and the Port Authority explicitly states that Affiliated "is and shall be, in all respects, an independent contractor in performing Services pursuant to this Agreement."

3

Additionally, Affiliated's motion seeking to dismiss the first and fourth cause of action for bad faith and breach of good faith and fair dealing, respectively, is granted. As an initial matter, the court notes that while plaintiff attempts to assert two distinct causes of action for bad faith and breach of the covenant of good faith and fair dealing, these claims are in essence the same claim and not distinct under the law. Indeed, a party acts in bad faith by breaching the covenant of good faith and fair dealing. Accordingly, the court will discuss them under the same legal analysis. It is well settled that "[w]ithin every contract is an implied covenant of good faith and fair dealing." *Aventine Investment Management, Inc. v. Canadian Imperial Bank of Commerce*, 265 A.D.2d 513, 514 (2d Dept 1999). "This covenant is breached when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other party of the right to receive benefits under their agreement." *Id.* "For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff." *Id.* Here, as stated above, there is no contract between plaintiff and Affiliated. Accordingly, there can be no breach of an implied covenant of good faith and fair dealing as there is no implied duty absent a contract.

Additionally, Affiliated's motion to dismiss plaintiff's second cause of action for fraud is granted. To plead a cause of action for fraud, a plaintiff must allege "a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." *Lama Holding Co. v. Smith Barney*, 88 N.Y.2d 413 (1996); *see also Barclay v. Barclay Arms Associates*, 74 N.Y.2d 644 (1989).

4

Additionally, pursuant to CPLR § 3016(b), "[w]here a cause of action or defense is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail." Here, plaintiff bases its claim for fraud on the following allegations: (1) that it "through its agents would periodically contact New Jersey E-Z Pass;" (2) that "[w]henever the agent could contact the E-Z Pass Customer Service Center, they would be told that there was no problem and that the account was in good standing;" and (3) "defendants having misrepresented a debt owed, and then fraudulently represented to the Plaintiff on multiple occasions that the account was in good standing, induced Plaintiff into taking no further action." These allegations are insufficient to state a claim for fraud as they are devoid of any particular facts that would establish the elements of fraud. Indeed, plaintiff's allegations are nothing more than broad conclusory statements.

Additionally, Affiliated's motion to dismiss plaintiff's third and fifth causes of action for misrepresentation and negligence and/or recklessness is granted. In order to adequately state a cause of action for negligent misrepresentation, a plaintiff must plead facts which would "demonstrate (1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information." *J.A.O. Acquisition Corp. v. Stavitsky*, 8 N.Y.3d 144 (2007). Here, plaintiff fails to state claim for negligent misrepresentation as plaintiff does not allege any facts demonstrating a special or privity-like relationship between it and Affiliated. Indeed, as noted above by the court, plaintiff's claims center around the E-Z Pass Terms of Service, which Affiliated is not a party to. As plaintiff fails to allege any other facts demonstrating a relationship between it and Affiliated, it cannot maintain a claim for negligent

5

misrepresentation.

Finally, Affiliated's motion to dismiss plaintiffs's seventh cause of action for unfair practices is granted. Pursuant to Section 349 of the General Business Law, "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] are hereby declared unlawful." To state a claim for deceptive practices under Section 349, a plaintiff must show: (1) that the challenged act or practice was consumer-oriented; (2) that the act or practice is misleading in a material respect; and (3) that the plaintiff was injured as a result of the deceptive act or practice. *Strutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). Here, plaintiff's complaint contains only the bare and conclusory allegation that: "Defendants acted in a manner that is both unfair and unjust in misleading and outright lying to Plaintiff on multiple occasions, as outlined above, resulting in significant damages and prejudice to Plaintiff." This is insufficient to state a claim for deceptive practices under Section 349 as plaintiff fails to allege or identify any specific act or practice by Affiliated that was consumer oriented and misleading in a material respect.

Accordingly, Affiliated's motion to dismiss the complaint is granted. It is hereby ORDERED that plaintiff's complaint is dismissed as to Affiliated. This constitutes the decision and order of the court.

Dated: 11/6/13

Enter: _____
J.S.C.

CYNTHIA S. KERN
J.S.C.

6