# HINSHAW
& CULBERTSON LLP

Edwrd K. Lenci
elenci@hinshawlaw.com

**ATTORNEYS AT LAW**
800 Third Avenue
13th Floor
New York, NY 10022

January 29, 2014

212-471-6200
212-935-1166 (fax)
www.hinshawlaw.com

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re:   *Sadaf Shirvani et al. v. Xerox Education Services, LLC,*
         *f/k/a ACS Education Services, Inc., and U.S. Bank, N.A.*
         **Case No. 13-cv-7295**

Dear Judge Kaplan:

   We represent the Defendants in this matter and write respectfully to seek the Court's guidance as to whether Defendants are entitled to respond to Plaintiff's Objection to Judge Peck's Opinion and Order transferring this case to the Northern District pursuant to 28 USC s. 1404(a) (the "Transfer Order").

   The precise issue is whether Rule 72(a), Fed. R. Civ. Pr., or Rule 72(b), applies here. If the former, that section does not expressly permit a response and requires review of Judge Peck's Transfer Order under the "clearly erroneous" standard. If the latter, that section permits a response by Defendants. Unfortunately, Plaintiff's Objection is unclear as to whether she is moving under Rule 72(a) or 72(b), and, according to Plaintiff's Objection, apparently there are authorities supporting both views. In one of the authorities Plaintiff cites, *Hamlett v. Widtzler*, 2013 WL 1338859, at n.1 (E.D.N.Y. 2013), the court explained this split in authority as follows:

   "Courts disagree on whether motions to transfer are within the pretrial reference authority of magistrate judges. Compare *Cott Corp. v. Decas Botanical Synergies, LLC*, 2011 WL 9082627, at *4 (W.D.N.Y.2011) (if granted, motion to transfer venue is dispositive as to this court); *Payton v. Saginaw County Jail*, 743 F.Supp.2d 691 (E.D.Mich.2010) (motion to transfer venue between divisions within the district court was a case-dispositive matter under 28 U.S.C. § 636(b)(1)(A), and therefore a magistrate judge did not have authority to issue a final order on the defendant's venue transfer motion) with *Plastic Suppliers, Inc. v. Cenveo, Inc.*, 2011 WL 196887, at *2 n. 6 (N.D.N.Y.2011) ("venue transfer is regarded as a nondispositive matter"); *Lu v. Lu*, 2007 WL 2693845, at *2 & n. 3 (E.D.N.Y.2007) ("motions to transfer are considered nondispositive and are properly decided by magistrate judges"); *Myers v. Doe*, 2006 WL 3392692, at *2 n. 2 (N.D.N.Y.2006) ("venue transfer is regarded as non-dispositive matter");

Honorable Lewis A. Kaplan
January 29, 2014
Page 2

*Shenker v. Murasky*, 1996 WL 650974 (E.D.N.Y.1996) (a magistrate judge's order transferring venue is a non-case dispositive matter subject to the clearly erroneous or contrary to law standard of review)."

      Please be advised that Defendants are not requesting an opportunity to submit a response but, rather, are merely seeking the Court's guidance as to which section of Rule 72 applies here. In fact, Defendants tend to believe that Rule 72(a) applies, in which event Defendants are not entitled expressly to a response and the "clearly erroneous" standard applies to the review of Judge Peck's Transfer Order. However, if Rule 72(b) applies, Defendants would like the opportunity to submit a response no later than February 10, 2014, which is 14 days from Plaintiff's Objection to the Transfer Order.

      Thank you for your attention.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By:    /s/ Edward K. Lenci
        Edward K. Lenci

EKL:jac

cc:   Hon. Andrew J. Peck
      Lawrence P. Eagel, Esq.
      Justin A. Kuehn, Esq. (Attorneys for Plaintiff)
      Concepcion A. Montoya, Esq.